25,823

## IN the
## Texas Court of Criminal Appeals
## at Austin

This document contains some pages that are of poor quality at the time of imaging.

IN RE Stacy L. CONNER,
Relator,

VS.

7th District Court of Appeals,
RESPONDENT.

§
§
§
§
§
§
§
§
§
§

CAUSE NUMBER:
_____

RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 1 0 2015

Abel Acosta, Clerk

## Pro Se Motion for Leave of Court

To the Honorable Judges of the Texas Court of Criminal Appeals:
Comes Now, Stacy L. Conner TDC #1428940, hereinafter Referred to as Relator, in the above-Entitled cause who submits this "Pro Se Motion for Leave of Court" as Required by Texas Rules of Appellate Procedure, Rules 2, 20.1, and 72.1, and in support of would show the following:

I.

Relator is, by every 'Reasonable' description, entirely indigent (as attested to by the accompanying Affidavit) he is a layman, unschooled or taught in law, who seeks

-1-

relief from this RENOWNED GateKeePeR of Texas jurisprudence, only as a last RESORT, after first attempting and exhausting all other Remedies made available to him. In doing so, Relator asks for this Court's 'liberality and patience'; that his petition be Received in all things (and viewed) just as it is; to be excused for any flaws or imperfection in prose, form, or Rhetoric.

BREWER v. Collins, 857 S.W. 2d 819, 821; A Pro Se inmate's petition is to be viewed with 'liberality and patience'.

Relator, firmly believes the issues he brings before this tribunal (in his petition for writ of mandamus) are cognizable violations of constitutional magnitude. That GENERal improprieties (mistakes) occurring in State proceedings have created a fundamental unfairness that violated Relator's Fourteenth Amendment Right to due process and access-to-Court; not to mention that they are in utter contradiction to state statutory laws themselves.

Hughes v. Rowe, 101 S.ct. 173 (1980); moves to construe this document Liberally with an eye toward the attainment of substantial justice, in order to protect the applicant's Rights and Due Process of Law.

Relator, asks only for an audience with this Reputable Court, an opportunity to present his petition so that his argument can be given a true sincere assessment of the merits contained therein, for they are quite substantial when viewed and

appraised without emotion or prejudice.

Relator, should be exempt from any rule or requirement (that because of his incarcerated situation) he is unable to provide; such as the number of copies submitted, or any act, or feat, that may lay outside his knowledge or ability to perform.

Boag v. MacDougall, 454 U.S. 364, 70 L. Ed. 2d 551, 102 S. ct. 700 (1982);
   Pleadings filed by individuals representing themselves are to be held to less stringent standards than those prepared by attorneys.

This Relator, pleads for this Court's leave (or permission) in order to petition for writ of mandamus.

## Conclusion and Prayer

For the reasons set out above, Relator prays — on bended knees — that this revered Court will grant his motion in all things, allowing him to proceed without cost, to accept his meager petition as is, to be properly processed and viewed without blame nor criticism, weighed solely on the merits contained therein; and to grant Relator any additional relief to which he may rightfully be entitled.

Respectfully Submitted,

Stacy L. Conner

-3-

# Affidavit

As a supplement to the foregoing "_Proes_" Motion for Leave of Court," and to enable me to proceed in forma pauperis by complying with the many specific requirements dictated within Rule 20.1 of Texas Rules of Appellate Procedure; "I, Stacy L. Conner, swear an oath under penalty of law to the following irrefutable facts:

It's not enough for me to merely claim 'indigency', because it lacks credence to the full extent of my impoverishment. For in truth, I am quite literally (completely) destitute by anyone's interpretation of the phrase.

I have absolutely **NO** monies (foreign or domestic) no assets or property of any kind other than the few simple items or possessions allowed by officials that I have here in my prison cell (period) I'm entirely reliant upon the State of Texas for _all_ I receive: food, clothing, sustenance, etc.

I have no hidden accounts, safty deposit boxes, bonds or sureties, no automobiles, motorcycles, boats, planes — — Nothing! I have not communicated with any family members in _YEARS_. If — as I hope to secure some day — I was to gain my freedom, and were to walk out of this prison tomorrow, I know not what I would even wear — — I have NOTHING other than what is supplied by the State.

I sincerely apologize for any inconvenience or burden

I may unintentionally place on the Court, but this is all TRUE and there is little I can do about it.

For verification, and to help substantiate what I've sworn to, I gladly attach hereto a six (6) month inmate trustfund account showing — as always — a "ZERO" ($0.00) or NEGATIVE balance."

Stacy L. Conner

## UNSWORN Declaration

Staying in complete compliance to both 28 U.S.C. § 1746 and V.T.A.C. Civil Practice and Remedies Code § 132.001 - 132.003:

"I, Stacy L. Conner #1428940, presently incarcerated within the Texas Department of Corrections, housed at the Mark Stiles Unit in Jefferson County, Texas do give solemn oath and declare (certify, verify, or state) under penalty of perjury that the accompanying legal documents:

Pro Se Motion for Leave of Court, above Affidavit, and the Petition for Writ of Mandamus itself (with all its Exhibits) as well as the copy of my six (6) month inmate trustfund account, are all TRUE and CORRECT to the best of my knowledge."

Executed: Sept. 3rd, 2015

Stacy L. Conner
#1428940

-5-

```
CSINIB02/CINIB02      TEXAS DEPARTMENT OF CRIMINAL JUSTICE        09/03/15
ST55/LS00069                 IN-FORMA-PAUPERIS DATA               10:08:37
TDCJ#: 01428940 SID#: 01787503 LOCATION: STILES         INDIGENT DTE: 09/16/14
NAME: CONNER, STACY L                 BEGINNING PERIOD: 03/01/15
PREVIOUS TDCJ NUMBERS: 00293520 00565342 00816214
CURRENT BAL:         0.00 TOT HOLD AMT:        0.00 3MTH TOT DEP:      0.00
6MTH DEP:            0.00 6MTH AVG BAL:        0.00 6MTH AVG DEP:      0.00
MONTH HIGHEST BALANCE TOTAL DEPOSITS   MONTH HIGHEST BALANCE TOTAL DEPOSITS
08/15        0.00           0.00       05/15        0.00           0.00
07/15        0.00           0.00       04/15        0.00           0.00
06/15        0.00           0.00       03/15        0.00           0.00
PROCESS DATE   HOLD AMOUNT    HOLD DESCRIPTION
```

STATE OF TEXAS, COUNTY OF Jefferson
ON THIS THE 3rd DAY OF September, 15, I CERTIFY THAT THIS DOCUMENT IS A TRUE,
COMPLETE, AND UNALTERED COPY MADE BY ME OF INFORMATION CONTAINED IN THE
COMPUTER DATABASE REGARDING THE OFFENDER'S ACCOUNT. NP SIG:
PF1-HELP PF3-END ENTER NEXT TDCJ NUMBER: 1428940 OR SID NUMBER: _____



STEPHANIE LUTE
Notary Public, State of Texas
My Commission Expires
03/03/2018

Notary without Bond

NO._____

in the
Texas Court of Criminal Appeals
at Austin

"In re Stacy L. Conner", Relator,

VS.

7th District Court of Appeals, Respondent.

Stemming from an adverse Ruling to a
"Motion to Recall Mandate" in cause
No. 07-07-00148-CR presented to the
7th District Court of Appeals at Amarillo, Tx.

## Petition for Writ of Mandamus

Pro Se Relator
Stacy L. Conner
TDC#1428940
Mark Stiles Unit
3060 FM 3514
Beaumont, Tx. 77705

NO._____

IN the
TEXAS Court of CRIMINAL Appeals
at Austin

"IN RE Stacy L. CONNER,"
                    RELatoR,

VS.

7th District Court of Appeals,
                    RESPONDENT.

STEMMING from an adverse RULING to a
"Motion to Recall Mandate" in cause
No. 07-07-00148-CR pResented to the
7th District Court of Appeals at Amarillo, Tx.

## Petition for Writ of Mandamus

i

# Idenity of Parties

Because this action, presently brought before the court, is (in its entirety) a post-conviction matter, Relator can not imagine any party otherthan those named in the caption itself who might have an interest to its ultimate outcome or conclusion; whether it be legal, financial, or emotional, there are no other interested parties involved at this point in time; to the best of Relator's Knowledge or understanding.

Stacy L. Conner

# Table of Contents

Coversheet

Caption i

Idenity of Parties ii

Table of Contents . . . . . . . . . . . . . . . . . iii, iv

List of Authorities. . . . . . . . . . v, vi, vii, viii, viiii

Statement of Case 1

Statement of Jurisdiction 4

Issues Presented 4-5

Statement of Facts 5

Argument and Authorities 6

  • First Issue 11
  • Second Issue 15
  • Third Issue 18

Conclusion and Prayer                    24

Certification                            26

Certificate of Service                   26

Affidavit                                27

Unsworn Declaration                      27

Appendix                                 28

iv

# List of Authorities

State Cases                                                          Pages

Banales v. Jackson,                                                    15
    610 S.W. 2d 732,(Tex. 1980)

Bunton v. Harmon,                                                      13
    827 S.W. 2d 945,947,948,(Tex. Crim.App.1992)

Garcia v. Kastner Farm, Inc.,                                         15
    774 S.W. 2d 668 (Tex.1989)

Head v. Twelfth Court of Appeals,                                     16
    811 S.W. 2d 570,571 (Tex.1991)

Healy v. McMeans,                                                     13
    884 S.W. 2d 772,774 (Tex. Crim. App.1994)

Homan v. Hughes,                                                      13
    708 S.W. 2d 449 (Tex. Crim. App.1986)

Houser v. McElveen,                                                   16
    243 S.W 3d 646 (Supp.2008)

Jacobs v. State,                                                      22
    115 S.W. 3d 108 (App. 6th Dist. 2003)

v

Kozacki v. Knize,   13
  883 S. W. 2d 760 (Tex. App. Waco 1994)

Nolan v. Ramsey,   16
  783 S. W. 2d 212 (Tex. 1990)

Raines v. Sugg,   12
  930 S. W. 2d 912 (App. 2 Dist. 1996)

Ramos v. Richardson,   23
  228 S. W. 3d 671 (Tex. 2007)

Rios v. Calhoon,   16
  889 S. W. 2d 257 (Supp. 1994)

Rodriguez v. State,   10
  153 S. W. 3d 245 (Tex. El Paso)

Stangel v. Parker,   16
  945 S. W. 2d 114 (1997)

State v. Hardy,   12
  962 S. W. 2d 516 (Crim. App. 1997)

Texas Dept. of Corrections v. Dalehite,   13
  623 S. W. 2d 420, 424 (Tex. Crim. App. 1981)

Von Kolb v. Koehler,                                    10
    609 S.W. 2d 654 (El Paso 1980)

Wade v. Mays,                                          10
    689 S.W. 2d 893 (1985)

Warner v. Glass,                                       22
    135 S.W. 3d 681, 684 (Tex. 2004)

William v. T.D.C.J.-I.D.,                              22
142 S.W. 3d 308, 309-10 (Tex. 2004)


## Federal Cases                                     Pages

Brewer v. Wilkinson,                                   18
    3 F. 3d 816, 820 (5th Cir. 1993)

Crowder v. Sinyard,                                     9
    884 F. 2d 804, 814 (5th Cir. 1989)

Davis v. Johnson,                                       9
    158 F. 3th 806-810 (5th Cir. 1998)

Haines v. Kerner,                                     7 & 14
    404 U.S. 519, 520 (1972)

Houston v. Lacks,                                                     22
    487 U.S. 266, 108 S. ct. 2379, 101 L. Ed. 2d 245 (1988)

Hudson v. McMillian,                                                 19
    503 U.S. 1, 112 S. ct. 995, 117 L. Ed. 2d 156 (1992)

Hughes v. Rowe,                                                    9 & 17
    101 S. ct. 173 (1980)

McCray v. Maryland,                                                  24
    456 F. 2d 1, at 6 (4th Cir. 1972)

Moawad v. Childs,                                                    17
    673 F. 2d 850-51 (5th Cir. 1982)

Spotville v. Cain,                                                   22
    149 F. 3d 374, 377 (5th Cir. 1998)

## <u>Statutes</u>                                                          <u>Pages</u>

Texas Constitution, Art. 5 § 5 (a) (b) and (c)                    4 & 10

Texas Code of Criminal Procedure, Art. 4.04                       4
                                  Art. 45.013                20

Texas Rules of Civil Procedure, Rule 5                            20

V.T.C.A. Gov. Branch § 22.02, § 22.102 and § 22.221              4

V.T.C.A. Gov. Code § 311.011                                      12

Texas Rules of Appellate Procedure,
   Rule 52.1                                                      4
   Rule 10.5 (b), 53.7 (f), 55.7, 64.5 and 79.6                   15
   Rule 10.3 (a) (b)                                              7 & 8
   Rule 72 and 79.5                                               9
   Rule 18.1                                                      11
   Rule 9.2                                                       21
   Rule 79.2 (c)                                                  7 & 22
   Rule 79.3                                                      8
   Rule 73 (h) and 100 (G)                                        16

## <u>The Mailbox Rule</u>                                               21

# Statement of the Case

Appellate counsel's appointment effectively ended on April 29, 2009 when Panel B of the Seventh Court of Appeals in Amarillo affirmed (in case No. 07-07-00148-CR) the trial court's judgment. At that point any further representation fell/falls squarely on the shoulders of this Relator, who is currently acting in his own behalf, Pro Se.

Relator began by filing with the Seventh Court of Appeals —and was granted— two extensions of time to submit a Motion for Rehearing. After submission, the appellate court, denied the Motion for Rehearing.

Next, Relator mounted the steps to the Texas Court of Criminal Appeals where he filed for —and received— two extensions of time in which to produce his Petition for Discretionary Review (case No. PD-1304-09). Although the Clerk for the Court responded with vague and misleading dates that were absolutely impossible on face value alone, it was finally settled — only days prior to the deadline itself— that said Petition for Discretionary Review would be due on or before January 14, 2010.

Satisfying that order or requirement, Relator prepared, then filed in a timely fashion "Appellant Stacy L. Conner's Petition for Discretionary Review" in the only manner made available to an indigent offender in TDCJ-ID, by placing said document

-1-

in the prison unit mailbox on the pre-dawn morning of January 13, 2010. Relator did so in the Good faith belief that prison authorities would affix adequate postage to the properly addressed package and then — without delay — ensure delivery to the U.S. Postal Service, who in turn, would transport the package to the Clerk for the Seventh District Court of Appeals in Amarillo (a distance of well over five hundred [500] miles from the Stiles Unit in Beaumont, Texas) Relator complied with punctuality to the Court's order.

The package apparently reached its destination, whereupon the 7th Court of Appeals held it for an unknown period of time before forwarding the entire PDR (without comment) to the Court of Criminal Appeals in Austin.

On Wednesday, March 17, 2010, the Clerk for the Court of Criminal Appeals, Louise Pearson, issued a little white postcard addressed to Relator which stated:

> "On this day, the Appellant's Pro Se petition
> for discretionary review has been dismissed
> as untimely filed."

Relator immediately responded to this notification with a "Motion for En Banc Reconsideration" which the Court's Clerk spontaneously "Rejected for non-compliance".

On the very day of receiving notice of this 'Rejection' Relator composed, then mailed, "Petitioner's Pro Se Motion for Leave

-2-

of Court to Amend his Motion for En Banc Reconsideration." A substantially grounded motion that the Court of Criminal Appeals failed to answer or respond to in any way. Yet, the 7th Court of Appeals [in Relator's humble opinion: prematurely] issued a mandate in the case even though a valid pleading was/is still pending (unanswered) before the Court of Criminal Appeals... thus, theoretically ending Relator's appeal.

For all the preceeding reasons, Relator was compelled to file a "Motion to Recall Mandate" (copy attached hereto, Appendix, Exhibit "D") which was denied on December 14, 2011, by written order of the Seventh District Court of Appeals (see Appendix, Exhibit "A").

Relator then filed a Motion for Extension of Time to file Motion for Rehearing (Appendix, Exhibit "B") but it too, was denied (see Appendix, Exhibit "C").

Relator, strongly feels that the Appellate Court's decisions run directly contrary to established law and rulings made clear by your sister court: the Texas Supreme Court. In order to maintain uniformity and to protect the domain of your own jurisdiction this Texas Court of Criminal Appeals is now required to intercede and act by unsheathing the formidable blade of mandamus.

# Statement of Jurisdiction

The Court of Criminal Appeals has jurisdiction over this original proceeding in accordance with Vernon's Constitution of the State of Texas Annotated Article 5 §5 (a), (b) and (c); by Texas Rules of Appellate Procedure 52.1; also Vernon's Texas Statutes Annotated Code of Criminal Procedure Article 4.04; and Vernon's Texas Codes Annotated -- Government Branch §22.002, §22.102, and §22.221.

# Issues Presented

1.) An important issue implicating the Administration of Justice is presented by the Seventh District Court of Appeals in Amarillo who denied Relator's "Motion to Recall Mandate" when all available evidence — not only merely supports, but — dictates exclusively that such motion should be granted as a matter of law.

2.) Another important issue implicating the Administration of Justice was also presented by the Seventh District Court of Appeals when they denied Relator's "Pro Se Motion for Extension of Time to File Motion for Rehearing" even though the explanation given for needing additional time was entirely "Reasonable".

3.) Most important of all, "After assessing all the facts and supporting evidence in correlation to precedent and the many statutory laws which govern the issue [in this Court's opinion] was 'Relator's Petition for Discretionary Review timely delivered; Yes or No?" This should be viewed as a 'certified question' of both fact and law in order to maintain uniformity.

## Statement of Facts

Irregardless of what reasoning one might apply towards this Texas Court of Criminal Appeals' decision to 'Reject for Non-compliance' Relator's "Motion for En Banc Reconsideration" there can be no doubt or question that the following "Petitioner's Pro Se Motion for Leave of Court to Amend his Motion for En Banc Reconsideration" was at the very least timely submitted and in keeping with the substantial-performance doctrine, it was well grounded and quite appropriate under the given circumstances. Yet, that meritorious pleading was somehow shelved — it became lost (or forgotten) in the shuffle; it certainly was never properly answered nor responded to in any way. It is, for all practical purposes, at this very moment still suspended, remaining undecided, awaiting a decision even though the 7th District Court of Appeals has issued — prematurely — a mandate in the case.

-5-

Therefore, Relator was completely within the realm of justification and excusable for presenting that Court with his "Motion to Recall Mandate". The Appellate Court, however, was clearly deficient in the performance of their duty when they 'denied' said motion without a written opinion or even a comment regarding their decision.

Neither daunted nor dissuaded by the Appellate Court's obvious impediment of his valid pleading, Relator submitted next a proper motion for an extension of time in which to file a motion for rehearing — with 'reasonable' explanations as to why additional time was necessary, and it (too) was 'denied' without comment.

It is now, at this point in time, that Relator elects to seek relief from this Gatekeeper of Texas Jurisprudence by way of this extraordinary vessel: Petition for Writ of Mandamus.

## Argument and Authorities

Relator would argue with authority that he obtained the right [and permission] to present a petition for discretionary review with this very Court — he then submitted his PDR in a timely fashion by placing it in the prison unit mailbox prior to its due date.

Relator can give no explanation or reasoning as to why it took ten (10) days to travel the full length of the State of Texas, from Beaumont to Amarillo, a distance of well over five hundred [500] miles; otherthan the two weekends involved, one being a three-day weekend because of Martin Lurther King Jr.'s birthday.

This Texas Court of Criminal Appeals, in answer, white-carded Relator's PDR, stating that it was 'untimely filed'.

Relator found fault with that response and strongly objected, instantaneously — upon its very receipt — sat down and composed a "Motion for En Banc Reconsideration" a copy of which can be found at the end of this Petition under Exhibit "D": Motion to Recall Mandate which carries its own sub-appendix containing an Exhibit No.5; Motion for En Banc Reconsideration was 'rejected for non-compliance with Rule 79.2 (c) T.R.A.P.' This Relator refuses to comment on the soundness or fairness of that ruling otherthan to state, unequivocally, that he is not a counsel but a _Pro Se_ litigant whose papers should be viewed with liberality and patience; he should not be held to the same stringent standards as statebar licensed attorneys, Hughes v. Rowe, 101 S.ct. 173 (1980); Haines v. Kerner, 404 U.S. 519, 520 (1972).

As already asserted, this Court did not deny nor dismiss Relator's "Motion for En Banc Reconsideration", no analysis of that viable pleading was ever made; instead [ on the very day it was received by the Court ] that motion was 'rejected for non-compliance with Rule 79.2 (c) T.R.A.P. Which we humbly suggest was in complete contradiction to Rule 10.3,

Determining Motions:

(a) Time for Determination. A court should not hear or determine a motion until 10 days after motion was filed,

(b) Reconsideration. If a motion is determined prematurely, any party adversley affected may request the court to reconsider its order.

Relator, was just so adversley affected by the court's premature "rejection" of his "Motion for En Banc Reconsideration" and by the plain language dictated in Rule 10.3 (b) he obtained the right to file a successive or subsequent motion for rehearing or reconsideration.

Relator, did in fact, file a successive or subsequent motion with this Court titled "Petitioner's Pro Se Motion for Leave of Court to Amend his Motion for En Banc Reconsideration" citing the appropriate statutory provisions which allowed him the privilege to do so, which included Rule 10.3 on the motion itself; see appendix, Exhibit "D" Motion to Recall Mandate, then look at its own appendix, Exhibit No.5.

Relator, also cited T.R.A.P. Rule 79.3 : A motion for rehearing may be amended anytime before the period allowed for filing the motion expires, and with leave of court; which accounts for the title of Relator's Motion plus, if one were to analyze the number of days, it would be discovered that the Amended Motion was turned over to prison authorities on the fifteenth (15th) day that such motion would've been legally due. . . .making it a timely "filed" motion worthy of this court's consideration.

In addition, it could be argued, that when the Court 'Rejected for Non-compliance' the first motion for Rehearing that it was in effect an opinion and, as such, is in keeping with T.R.A.P. 79.5 "if the Court delivers an opinion on Rehearing, a party may then file a further motion for Rehearing."

Even Rule 72, under Extraordinary Matters, should be an acceptable avenue of travel that would enable this 'Relator to Reach his desired destination before this Court so that the merits of his argument could be justly weighed and Ruled on.

Davis v. Johnson, 158 F. 3d 806 - 810 (5th Cir. 1998); A court can allow an untimely petition to proceed under the doctrine of equitable tolling "in extraordinary circumstances."

Id. Hughes v. Rowe; Moves to construe a legal document 'Liberally' with an eye toward the attainment of substantial justice, in order to protect the applicant's Rights and due process of law.

Crowder v. Sinyard, 884 F. 2d 804, 814 (5th Cir. 1989); The Right of access to courts is what may be described as a facilitative Right: It is designed to ensure that a citizen has the opportunity to exercise his or her legal Rights to present a cognizable claim to the appropriate court and, if that claim is Meritorious, to have the court make a determination to that effect and order the appropriate Relief.

Clearly, a strong case can easily be made that Relator's original Motion for En Banc Reconsideration should not have been 'rejected for non-compliance' but accepted by the Court; then received a legal ruling based solely on the merits of his claim.

Even though this did not occur Relator still retained the right to file "Petitioner's _Pro se_ Motion for Leave of Court to Amend his Motion for En Banc Reconsideration" and to have received a just determination on the substance of his plea. To this day there has been no such determination in regards to that motion.

Texas Court of Criminal Appeals, 1985.
The 1978 amendment to Constitution conferred upon Court of Criminal Appeals powers to grant extraordinary writs in cases regarding criminal law matters, in addition to previously existent mandamus and prohibition authority to enforce its own jurisdiction.
Vernon's Annotated Texas Constitution Article 5 §5.
State ex rel Wade v. Mays, 689 S.W. 2d 893 (1985).

Von Kolb v. Koehler, 609 S.W. 2d 654 (El Paso 1980); the Court found that mandamus, while usually a civil remedy, could be used to regulate criminal proceedings.

This civil action presented to this court is derived purely post-convictionally as was the one in Rodriguez v. State, 153 S.W. 3d 246 (Tex. El Paso 2004); concerning an issue not of the actual conviction, but from a seperate matter that arose after his conviction.

# First Issue:

For convenience and the sake of simplicity, Relator would direct this Court's attention to (Exhibit "D") found in the following Appendix, it is an accurate copy of the "Motion to Recall Mandate" which is the subject of this petition. Its argument is quite concise as to Relator's position and he strongly urges that it be thoroughly scrutinized in determining the validity of his claims.

Relator's "Motion to Recall Mandate" clearly establishes that he timely filed "Petitioner's Pro Se Motion for Leave of Court to Amend his Motion for En Banc Reconsideration" with this Court of Criminal Appeals, and that it was never responded to --it is even now, for all practical purposes, still pending [unanswered] before the court.

A mandate was issued in the case while a Motion for Rehearing was pending, which is distinctly contrary to and in violation with Texas Rules of Appellate Procedure 18.1, which states: (in pertinent part)

The clerk of the appellate court that rendered the judgment must issue a mandate in accordance with the judgment and send it to the clerk of the court to which it is directed and to all parties to the proceeding when one of the following periods expires:

(2.) Ten days after the time has expired for filing a motion to extend time to file a motion for Rehearing of a denial, Refusal, or dismissal of a petition for Review, or a Refusal or dismissal of a petition for discretionary Review, <u>if no timely filed motion for Rehearing</u> or motion to extend time <u>is pending.</u>

(emphasis added)

-11-

(b) In the Supreme Court and Court of Criminal Appeals.
Ten days after the time has expired for filing a motion to extend time to file a motion for Rehearing _if no timely filed motion for Rehearing_ or motion to extend time _is pending._    (Emphasis added)

It is irrefutable that 'Relator's timely filed "Petitioner's Pro Se Motion for Leave of Court to Amend his Motion for En Banc Reconsideration" was in fact a valid legal Motion for Rehearing which was/_is_ still _pending_ unanswered before the Texas Court of Criminal Appeals; the 7th District Court of Appeals was acting prematurely and in direct contradiction to the aforementioned statute or rule of law when it issued a mandate in the case. They were at the very least required to do more than simply 'Deny' Relator's "Motion to Recall Mandate." Therefore, this mode redress is accurate and justified as a necessity.

'Relator's argument — in essence — is that simple!

_Raines v. Sugg_, 930 S.W. 2d 912 (App. 2 Dist. 1996);
    When statute is clear and unambiguous, no construction by court is necessary, and words will be given their common meaning.

_State v. Hardy_, 962 S.W. 2d 516 (Cr. App. 1997);
    When language of statute is unambiguous, Court of Criminal Appeals must give effect to plain meaning of the words unless doing so would lead to absurd results. V.T.C.A. Government Code §311.011.

Buntion v. Harmon, 827 S.W. 2d 945, 947, 948 (Tex. Crim. App. 1992);
Stated another way, an act may be regarded as "ministerial" when the facts are undisputed and, given those undisputed facts, "the law clearly spells out the duty to be performed . . . with such certainly that nothing is left to the exercise of discretion or judgment." State ex rel. Healy v. McMeans, 884 S.W. 2d 772, 774 (Tex. Crim. App. 1994); (quoting Texas Dept. of Corrections v. Dalehite, 623 S.W. 2d 420, 424 (Tex. Crim. App. 1981)).

In deciding Kozacki v. Knize, 883 S.W. 2d 760 (Tex. App. Waco 1994); the Court found "Mandamus is available to correct judicial action that ignores clear binding precedent because trial judges do not enjoy freedom to ignore the law"

Relator, humbly suggests that neither do the renowed members of this State's Appellate Courts, they too, should be required to observe and apply the law correctly as plainly stated.

Homan v. Hughes, 708 S.W. 2d 449 (Tex. Crim. App. 1986); Court of Criminal Appeals has jurisdiction to issue writ of mandamus in all criminal matters, even to compel a Court of Appeals to perform its clear statutory duty.

Relator, asserts it is entirely proper for the Court of Criminal Appeals to exercise jurisdiction in just such a fashion with the issue presently before them. Relator has exhausted

-13-

all other avenues of travel or remedies left available to him at the state level:

1.) he sought relief from the 7th District Court of Appeals in Amarillo by way of his "Motion to Recall Mandate" (see Exhibit "D")

2.) the 7th District Court of Appeals denied — without comment — Relator's "Motion to Recall Mandate" (see Exhibit "A")

3.) said "Motion to Recall Mandate" was a request to perform a duty that is clearly required or owed in order to be in compliance with law, an act that is purely ministerial.

Haines v. Kerner, 404 U.S. 519, 520-21, [30 L. Ed 2d 652, 92 S. ct. 594] (1972); a pro se complaint, 'however inartfully pleaded', must be held to less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

With this instant case presently before the Court it's quite crystal that 'Relator has illustrated a sufficient measure of facts in support of his claim which should clearly entitle him to relief.

Before closing this portion of his petition Relator would invite, with sincere enthusiasm, this judging panel to a formal discussion over any questions they may have in relation to the first issue he has presented. . . which is preferable to an adverse alternative.

-14-

## Second Issue:

After the 7th District Court of Appeals signed an order which 'denied' Relator's "Motion to Recall Mandate" (see Exhibit "A"), he responded by timely submitting "Petitioner's first Pro Se Motion for Extension of Time to file Motion for Rehearing (see Exhibit "B"), which the Court also 'denied' without comment (see Exhibit "C").

Relator firmly suggest the 'denial' of his Motion for Extension of Time was not only in utter contradiction to precedents set by the Texas Supreme Court — even though said Motion was in complete compliance to the dictates of Texas Rules of Appellate Procedure 10.5(b), 53.7(f), 55.7, 64.5 and 79.6 — but, the 'denial' itself effectively deprived Relator of a valid pleading before the Court and equates to an actual constitional issue of denial of access-to-courts and a due process violation.

In: <u>Bangles v. Jackson</u>, 610 S.W. 2d 732 (Tex. 1980);
The Texas Supreme Court clearly set out standards in procedure for review of a court of appeals' order granting or denying an extension of time to file a motion for rehearing.

<u>Garcia v. Kastner Farm, Inc.</u>, 774 S.W. 2d 668 (Tex. 1989);
The court of appeals abused its discretion in denying the requested extension.

-15-

<u>Nolan v. Ramsey</u>, 783 S.W. 2d 212 (Tex. 1990);

Denial of motion to extend time for filing motion for rehearing was abuse of discretion where grounds given was 'Reasonable'. — Texas Supreme Court —


<u>Head v. Twelfth Court of Appeals</u>, 811 S.W. 2d 570, 571 (Tex. 1991);

On review, the Supreme Court held that misunderstanding of law was "Reasonable explanation" excusing appellant's failure to timely file cost bond for appeal. Reversed and Remanded


<u>Rios v. Calhoon</u>, 889 S.W. 2d 257 (Supp. 1994);

Court of Appeals abused its discretion in overruling indigent appellant's motion for extension of time to file brief; appellant "Reasonably explained" need for extension and there was no showing that appellee would suffer a material injury if extension was allowed. Rules of Appellate Procedure, Rule 73 (H).


<u>Stangel v. Parker</u>, 945 S.W. 2d 114 (1997); The Texas Supreme Court Ruled: "If party timely moves for time extension to file its motion for rehearing and reasonably explains need for extension, appellate court must grant motion. Rule App. Proc. Rule 100 (G). Stangel is entitled to file a motion for rehearing and to have the Court of Appeals rule on its merits." (Emphasis added)


<u>Houser v. McElveen</u>, 243 S.W. 3d 646 (Supp. 2008);

"Houser was entitled to an extension of time in which to

-16-

file his Notice of appeal, and thus the Court of Appeals should not have dismissed his appeal."

Relator contends — as this very Court itself has conceded, and previously ruled — that his indigent incarcerated status alone, coupled with the fact that he is a layman unschooled or taught in law, forced to vie for time in an inadequate prison law library, which is so poorly staffed at present that scheduling is anything but reliable, does easily qualify as a "Reasonable Explanation" for NEEDING an extension of time in which to research, compile, then hand-write an effective Motion for Rehearing. This simple reality, was/is a continuous predicament which, on face value alone, satisfies (or should) any normal person's standard as a 'True Need' for additional time in which to file a proper motion worth the Court of Appeals' consideration, and that Court abused its discretion when they denied his reasonable request (see: Appendix, Exhibits "B" and "C") such recognition and adjustment is now necessary in order to maintain uniformity with this Court's prior decisions and those established by the Texas Supreme Court.

Moawad v. Childs, 673 F. 2d 850-51 (5th Cir. 1982);
"[a] pro se complaint. . . should not be dismissed unless it appears that plaintiff can prove no set of facts which would entitle him to relief."

Hughes v. Rowe, 101 S.ct. 173 (1980); moves to construe this document liberally with an eye towards the attainment of substantial Justice, in order to protect the applicant's rights and due process of law.

-17-

# Third Issue:

Relator's entitlement to mandamus relief has been shown, thus far, to be quite absolute and unpretentious when viewed correctly without prejudice or undue criticism.

This final issue presented is altogether a horse of a different color (so to speak) Relator ask for this Court's patience, not to mention tolerance in weighing the entire substance of his argument from beginning to end before forming — even if only in their own minds — an opinion.

This third issue is in actuallity the very first because it arose from a precise action perpetrated by this very Gatekeeper of Texas jurisprudence itself — based on a falacy — which has resulted in denying Relator due process and access-to-court.

CROWDER v. SINYARD, 884 F. 2d 804, 814 (5th Cir. 1989);
"The right of access to the courts is what may be described as a facilitative right:
It is designed to ensure that a citizen has the opportunity to exercise his or her legal rights to present a congizable claim to the appropriate court and, if that claim is meritorious, to have the court make a determination to that effect and order the appropriate relief."

BREWER v. WILKINSON, 3 F. 3d 816, 820 (5th Cir. 1993);
It is clearly established that prisoners have a constitutionally protected right of access to the courts. The Supreme Court has

stated that this right of access "is founded in the Due Process Clause and assures that no person will be denied the opportunity to present to the judiciary allegations concerning violations of fundamental constitutional rights."

Hudson v. McMillian, 503 U.S. 1, 112 S.ct. 995, 1003, 117 L.Ed. 2d 156 (1992);
   The right to file for legal redress in the courts is as valuable to a prisoner as to any other citizen. Indeed, for the prisoner it is more valuable. Inasmuch as one convicted of a serious crime and imprisoned usually is divested of the frandchise, the right to file a court action stands . . . as his most 'fundamental political right, becoming preservative of all rights.'

   Every step or legal manuver Relator has taken or invested since that denial (by this Texas Court of Criminal Appeals) stems from their claim that his "Petition for Discretionary Review" was untimely when in truth it was **Not untimely!** but a properly tendered legal document as dictated by the laws of this state and the many cited authorities its Courts have rendered on the subject, including those handed down by the U.S. Supreme Court.
   This issue is one distinctly addressed in Relator's "Motion to Recall Mandate" (see Exhibit "D") which has its own Appendix and Relator would direct this Court's attention there, to (Exhibit No.9) its a letter from the Texas Court of Criminal Appeals dated June 10, 2010; the Court's letterhead and seal are prominently displayed at the top of the page, as well as all nine names of the judges who at that time sat on the bench, it was signed by the Clerk for the Court: Louise Pearson.

-19-

Relator, asks this Court to survey the pertinent part concerning the issue under discussion: the checked-in-box on the left side of the page, which indicates the paragraph of interest -- specifically the second sentence: (verbatim)

"This Petition was due 1/14/2010 and was not received by the Court of Appeals until 1/24/2010."

due 1-14-2010?          Received 1-24-2010?

Dismissed as untimely filed ?!

Clearly, by even elementary addition there is but a ten (10) day difference between those two dates, within perfect compliance to Texas Rules of Civil Procedure, Rule 5, which specifies:
"[i]f any document is sent to the proper clerk by first-class United States mail in an envelope or wrapper properly addressed and stamped and is deposited in the mail on or before the last day for filing same, the same, if received by the clerk not more than ten days tardily shall be filed by the clerk and deemed filed on time." (emphasis added)

Also, Texas Code of Criminal Procedure, Article 45.013, states:
"Filing with the Clerk by Mail"
(a.) Not withstanding any other law, for the purposes of this chapter a document is considered timely filed with the Clerk of a court if:

-20-

(1.) the document is deposited with the United States Postal Service in a first class postage prepaid envelope properly addressed to the Clerk on or before the date the document is required to be filed with the Clerk; and

(2.) the Clerk receives the document <u>not later than the 10th day</u> after the date the document is required to be filed with the Clerk. (emphasis added)

and: Running directly parallel to the aforesaid statutes of law is Rule 9.2 of Texas Rules of Appellate Procedure under "Filing" which [likewise] establishes the reality that either the Clerk or the Court itself mistakenly failed to recognize that Relator's Petition falls within the perimeters of a Timely Filed Legal Document given the evidence and information supplied by Your very own letter (see main appendix, Exhibit "D": Motion to Recall Mandate, sub-appendix, Exhibit No. 9) which carries the Court of Criminal Appeals' revered name and sacred seal, was even signed by the Court's Clerk, Louise Pearson.

If, for whatever reason, these facts were to be controverted or argued, the doctrine of law at the end of Rule 9.2 of Texas Rules of Appellate Procedure (i.e., **"The Mailbox Rule"**) is even more convincing and germane to the discussion at hand.

The mailbox rule was defined in the following binding authorities, which have been labeled (in part) as superprecedents:

<u>Houston v. Lacks</u>, 487 U.S. 266, 108 S.ct. 2379, 101 L.Ed.2d 245 (1988);
The U.S. Supreme Court recognized that, "[u]nskilled in law, unaided by counsel, and unable to leave the prison, a pro se prisoner's control over the processing of his notice necessarily ceases as soon as he hands it over [.]"

<u>Spotville v. Cain</u>, 149 F.3d 374, 377 (5th Cir. 1998);
"a petition should be deemed '**filed**' when petition is handed over to prison authorities for mailing."

<u>Warner v. Glass</u>, 135 S.W. 3d 681, 684 (Tex. 2004);
The Supreme Court of Texas declined to penalize an inmate who timely delivered a document to the prison mailbox.

<u>William v. T.D.C.J-I.D.</u>, 142 S.W. 3d 308, 309-10 (Tex. 2004);
"an inmate litigant should not be prejudiced against by the 'filing' of his papers."

But most relevant to the issue presently before this Court can be found in <u>Jacobs v. State</u>, 115 S.W. 3d 108 (App. 6th Dist 2003) where it was established that the 'certificate of service' substantiated petition was timely filed, T.R.A.P. 9.2 (b) 1., thereby conferring the Court with jurisdiction to consider the merits of the appeal. The 6th District Appellate Court wrote: "Jurisdiction exist for us to reach the merits of his appeal."

Please, Go (again) to Appendix, Exhibit "D", which is Relator's "Motion to Recall Mandate; Now, Go to its appendix and see Exhibit No. 10, "Petitioner's Pro Se Motion for Leave of Court" it clearly expresses a conscious desire — a knowledgeable need — for Relator to have his Petition placed in the prison unit mailbox before it was due.

Next, examine Exhibit No. 11 in the same sub-appendix; it is a true and correct copy of the actual "Certificate of Service" which was the last page to "Appellant Stacy L. Conner's Petition for Discretionary Review" written by his hand, dated and signed. . . the important sentence states: (verbatim) "by placing the same in the prison unit mailbox on this 13th day of January 2010".

Which by anyones mathematics is clearly on or before "the petition was due 1/14/2010 and was not received by the Court of Appeals until 1/24/2010" (see Exhibit No. 9) Your letter!

This subject matter is almost an exact duplicate to Ramos v. Richardson, 228 S.W.3d 671 (Tex. 2007) where the Texas Supreme Court decided, under a petition for review, to reverse the case by utilizing (acknowledges) "Certificate of Service" as evidence of a timely filed document.

Relator, humbly suggest this Court of Criminal Appeals has an inherent duty (an obligation) to protect its own jurisdiction by making adjustments to any error committed within its boundaries related to any criminal matter.

This Court is entirely free to apply a proper analysis to the facts presented here and to issue an honest fair opinion consistent with

decisions they (themselves) have already RENDERED, as well as those established by their beloved sister: the Supreme Court of Texas.

This Court's influence over the 7th District Court of Appeals is far more than merely functional but binding, and under the present circumstances it would be appropriate to exercise that influence in order to correct such an apparent malfeasance or injustice.

McCray v. Maryland, 456 F.2d 1, at 6 (4th Cir. 1972);

"Of what avail is it to the individual to arm him with a panoply of constitutional Rights if, when he seeks to vindicate them, the courtroom can be hermetically sealed against him by a functionary who, by refusal or neglect, impedes the filing of his papers?"

At this time Relator would like to ask (or present) the Court of Criminal Appeals with a legitimate 'judicial question', a simple question of law: "After assessing all the facts and supporting evidence in correlation to precedent and the many statutory laws which govern the issue [ in this Court's opinion ] was Relator's Petition for Discretionary Review timely delivered; Yes or No?"

## Conclusion and Prayer

It is from this platform that Relator addresses this Honorable Court of Criminal Appeals who has considerable power and influence over these matters now under deliberation and pleads with them to unsheath the formiable writ of mandamus from its scabbard

-24-

and—only after careful consideration of all the evidence presented—to concede that their dismissal of his PDR as untimely was a misdeed based entirely on an illusionary concept that is unsupported by the facts; to wield effectively the magnificient blade of justice in order to grant that which the law demands and Relator seeks:

A.) A writ of mandamus compelling the 7th District Court of Appeals in Amarillo to recall their mandate for all the reasons originally submitted in Relator's "Motion to Recall Mandate." see appendix, Exhibit "D"

B.) A writ of mandamus or opinion compelling the 7th District Court of Appeals in Amarillo to act in accordance to the many precedents set by the Supreme Court of Texas in relation to Relator's "Pro Se Motion for Extension of Time to File Motion for Rehearing." see appendix, Exhibit "B"

C.) A writ of mandamus or opinion compelling the 7th District Court of Appeals in Amarillo to act in accordance to precedent and the many statutory laws which govern the issue of a timely filed legal document as they relate to Relator's "Petition for Discretionary Review."

D.) Such other and additional relief as is justified or required.

Stacy L. Conner

-25-

## CERTIFICATION

I, Stacy L. Conner, as the Relator who files this petition, certifies that I am exclusively responsible for creating its entire contents and conclude that every factual statement in the petition is supported by competent evidence included in the appendix or record. See the following (attached) unsworn declaration

Stacy L. Conner

## CERTIFICATE of SERVICE

I do so certify that a true and correct copy of the proceeding Motion for Leave of Court, and Petition for Writ of Mandamus are being forwarded by first-class U.S. mail to:

The 7th District Court of Appeals
P.O. Box 9540
Amarillo, Texas 79105-9540

by my placing them in the prison unit mailbox on this: 3Rd day of September 2015.

Stacy L. Conner
1428940 Stiles Unit
3060 FM 3514
Beaumont, Tx. 77705

-26-

# Affidavit

I write this statement in support of the foregoing Petition for Writ of Mandamus in an honest effort to convey (to assert) that the discussed Petition for Discretionary Review was timely submitted (filed) when I personally placed that legal document "in the prison unit mailbox on the 13th day of January 2010," as I've stated over and over again from the very beginning of this controversy, and given oath under penalty of perjury to that irrefutable fact!

Stacy L. Conner

## Unsworn Declaration

In compliance with both 28 U.S.C §1746 and V.T.A.C. Civil Practice and Remedies Code §132.001 - 132.003:

"I, Stacy L. Conner #1428940, presently incarcerated within the Texas Department of Corrections, housed at the Mark Stiles Unit in Jefferson County, Texas do give solemn oath and declare (certify, verify, or state) under penalty of perjury that this Petition for Writ of Mandamus, including the above affidavit and all exhibits contained in the following Appendix are all True and Correct to the best of my knowledge; so help me God!"

Dated: 9-03-2015    Stacy L. Conner
1428940 Stiles Unit
3060 FM 3514
Beaumont, Tx. 77705

-27-

# Appendix

(Exhibit "A")



(Exhibit "A")

**BRIAN QUINN**
Chief Justice

**JAMES T. CAMPBELL**
Justice

**MACKEY K. HANCOCK**
Justice

**PATRICK A. PIRTLE**
Justice

# Court of Appeals

Seventh District of Texas
Potter County Courts Building
501 S. Fillmore, Suite 2-A
Amarillo, Texas 79101-2449
www.7thcoa.courts.state.tx.us

**PEGGY CULP**
CLERK

MAILING ADDRESS:
P. O. Box 9540
79105-9540

(806) 342-2650

December 14, 2011

Stacy L. Conner
TDCJ #1428940
Stiles Unit
3060 FM 3514
Beaumont, TX 77705

Jeri Leigh Myers
Assistant Criminal District Attorney
P.O. Box 10536
Lubbock, TX 79408

**RE:** Case Number: 07-07-00148-CR
Trial Court Case Number: 2006-413,481

**Style:** Stacy Conner
v.
The State of Texas

Dear Mr. Conner and Counsel:

By Order of the Court, the appellant's pro se Motion to Recall Mandate is this day denied.

Very truly yours,

PEGGY CULP, CLERK

By: Donald T

xc: Richard L. Wardroup

(Exhibit "B")

## NO. 07-07-00148-CR

# In the Court of Appeals
## For the seventh District of Texas at Amarillo

## Stacy L. Conner

v.

## The State of Texas

Appealed from cause No. 2006-413,481
in the 137th District Court of Lubbock County

## Petitioner's first Pro Se Motion for Extension of Time to file Motion for Rehearing

To the Honorable Judges for this Court of Appeals:

Comes Now, Stacy L. Conner, TDC #1428940, Petitioner, and in a timely fashion files his first, and only, Pro Se Motion for Extension of Time to file Motion for Rehearing as is permitted by Texas Rules of Appellate Procedure 10.5(b) -- 53.7(f) and in support would show the following:

1.) In November of 2011 Petitioner, filed with this Court, a Pro Se Motion to Recall Mandate.

-1-

2.) On December 14, 2011 this very Court denied Petitioner's motion without any opinion nor comment.

3.) Petitioner feels strongly that his Motion to Recall Mandate was/is not only substantially grounded but supported by precise issues of law and precedence which require this Court's Reconsideration to maintain uniformity.

4.) Petitioner wishes to utilize Texas Rules of Appellate Procedure 49.1 and 49.7 requesting a Motion for Rehearing or En Banc Reconsideration so that he can properly present to this Court the inconsistency or contradiction their denial of his Motion has created.

5.) To do so effectively, Petitioner needs — and seeks — more time, keeping in exact compliance with T.R.A.P. 49.8.

6.) Petitioner is but a layman, unschooled or taught in law, forced by his indigent incarcerated situation to represent himself in not only this case but several others as well, a predicament which in itself impedes and hampers his honest attempts.

7.) At this very moment Petitioner is under the immediate restraints of meeting a deadline set by the United States 5th Circuit Court of Appeals in the matter of: Stacy L. Conner v. Tx. Court of Crimal Appeals in cause No. 11-40945;

-2-

Also due at this VERY moment is a pleading before the Texas Supreme Court in the case of: Stacy L. Conner vs. Tim Johnson.

8.) Petitioner does not seek this Court's favor for reasons of delay nor as any form of legal strategy, he ask for more time simply because he truly NEEDS it!
(TEX.1990) Denial to extend time for filing motion for Rehearing was abuse of discretion where grounds given was reasonable — Nolan v. Ramsey, 783 S.W. 2d 212.

9.) Although Petitioner [admittedly] is somewhat a novice to legal jurisprudence he feels certain there are clear concise arguments pertaining to the Appellate Court's denial of his Motion to Recall Mandate — — — arguments which this Court deserves an opportunity to fully consider and rectify by their own volition; Petitioner justs NEEDS more time to enable him to present them so the Court can properly contemplate the issues.

10.) For all the reasons listed, Petitioner, reasonably ask for an additional sixty (60) days in which to research, compile, and submit an adequate motion worth consideration, and feels confident he can satisfy all that's required or expected of him if granted this much needed precious Gift of more time.

-3-

— (1997) If party timely moves for extension to file its motion for Rehearing and reasonably explains need for extension, appellate court must Grant motion. Rule App. Proc. Rule 100(G), <u>Stangel v. Parker</u>, 945 S.W. 2d 114.

Wherefore, Premises Considered, Petitioner, Stacy L. Conner, humbly Prays for an extension of time to file a Motion for Rehearing, Grant him sixty (60) additional days (ending no sooner than Tuesday March 13, 2012) and Grant him any other Relief to which he might be Rightfully entitled.

Respectfully Submitted,

Stacy L. Conner.

## Certificate of Service

I do so certify that on this Wednesday, January 11th, 2012, I am dutifully serving, by first class U.S. mail (via the Prison Unit Mailroom) a true-correct copy of: "Petitioner's first Pro Se Motion for Extension of Time to file Motion for Rehearing" upon the Assistant Criminal District Attorney Jeri Leigh Myers, P.O. Box 10536, in Lubbock, Texas — 79408.

Stacy L. Conner.
TDC # 1428940

-4-

(Exhibit "C")

(Exhibit "C")



BRIAN QUINN
Chief Justice

JAMES T. CAMPBELL
Justice

MACKEY K. HANCOCK
Justice

PATRICK A. PIRTLE
Justice

# Court of Appeals

Seventh District of Texas
Potter County Courts Building
501 S. Fillmore, Suite 2-A
Amarillo, Texas 79101-2449
www.7thcoa.courts.state.tx.us

PEGGY CULP
CLERK

MAILING ADDRESS:
P. O. Box 9540
79105-9540

(806) 342-2650

January 26, 2012

Stacy L. Conner
TDCJ #1428940
Stiles Unit
3060 FM 3514
Beaumont, TX 77705

RE:   Case Number: 07-07-00148-CR
      Trial Court Case Number: 2006-413,481

Style: Stacy Conner
        v.
        The State of Texas

Dear Mr. Conner:

By Order of the Court, Petitioner's First Pro Se Motion for Extension of Time to File Motion for Rehearing is this day denied.

Very truly yours,

PEGGY CULP, CLERK

By: _____

xc:   Richard L. Wardroup
      Jeri Leigh Myers

(Exhibit "D")

NO.07-07-00148-CR (Exhibit "D")

In the Court of Appeals
For the Seventh District of Texas
at Amarillo

Stacy L. Conner

v.

The State of Texas

Appealed from Cause No.2006-413,481
in the 137th District Court of Lubbock County, Texas

## Motion to Recall Mandate

To the Honorable Judges of the Court of Appeals:

Comes Now, Stacy L. Conner, hereinafter Referred to as Applicant, who Respectfully submits *Pro Se* this "Motion to Recall Mandate" pursuant to Texas Rules of Appellate Procedure 18.7 and 19.3(b), and in support would show the following:

Facts:

1.) This very Court of Appeals issued a mandate regarding the above-entitled and numbered cause

ON DECEMBER 3, 2009; SEE COPY attached hEREIN to aN appendix (Exhibit No.1).

2.) Applicant humbly suGGEST the "issuance" of this mandate was not ENtiRely compliant with TEXas RuleS of Appellate PROCEDURE 18.1 aNd 19.1.

3.) ON the day this CouRt of Appeals issued the mandate uNdeR discussion Applicant was actually staNdiNG iN the window of opportunity — by pERmissioN of the CouRt of CRiminal Appeals iN Austin — to pREpaRE aNd pRESENT a Petition foR DisCREtioNaRy Review afteR RECEiviNG EXtENsioNs of time to do So; SEE (Exhibits No.2 (a) (b) aNd (c)).

4.) AlthouGh thERE was aN AdmiNistRative ERRoR oR two committed by that CouRt REGaRdiNG a viable due date, it was fiNally (DEfiNitEly) sEttlEd that Applicant be GRaNted uNtil JaNuaRy 14th, 2010 to submit a Petition foR DisCREtioNaRy Review; SEE (Exhibits No.3 (a) (b) aNd (c)).

5.) Applicant has/aNd does Give solEmN oath uNdeR pENalty of pERjuRy that he effectively accomplished the REQuiREmENts uNdeR State aNd FEdeRal laws, statutes, aNd Rules GovERNiNG the pRopeR filiNG of a lEGal document by a Pro Se iNmate, oR pRisoNER: he, iN Good faith, placed his Petition foR DisCREtioNaRy Review iN the haNds of pRisoN authoRities foR postaGE aNd mailiNG **befoRE** its due date of JaNuaRy 14th, 2010; SEE Houston v. Lacks.

2

6.) The Court of Criminal Appeals erroneously "Dismissed as untimely" Applicant's *Pro Se* Petition for Discretionary Review on March 17, 2010 without any further comment; see (Exhibit No. 4).

7.) Immediately upon receiving the announcement that his Petition had been 'dismissed as untimely', Applicant filed a "Motion for En Banc Reconsideration" see (Exhibit No. 5) which the Court of Criminal Appeals 'rejected for non-compliance with Rule 79.2 (c) T.R.A.P.'; see (Exhibit No. 6).

8.) After receiving the Court of Criminal Appeals' response to his Motion for En Banc Reconsideration as 'Rejected for Non-compliance', Applicant — on that very day — wrote and submitted (legally Filed, in a timely fashion allowed by law) "Petitioner's *Pro Se* Motion for Leave of Court to Amend his Motion for En Banc Reconsideration"; see (Exhibit No. 7).

9.) The Court of Criminal Appeals failed to answer that substantially grounded motion, so. . . on May 30, 2010 Applicant sent a letter of inquiry to the Court's Clerk, Louise Pearson; see (Exhibit No. 8).

10.) A little over a week after sending his letter of inquiry to the Court's Clerk, Applicant received a response dated Thursday June 10, 2010 (Exhibit No. 9) the Court of Criminal Appeals' letterhead and sacred seal are prominently displayed

3

at the top of the page, as well as all nine names of the judges presently on the bench, it was/is signed by the Clerk for the Court, Louise Pearson; more or less it speaks for itself, stating many of the facts already mentioned in this very motion but——it **clearly fails** to address the issue of Applicant's initial inquiry, which in essence (to some degree) is the basis and subject matter of this Motion to Recall Mandate: "Petitioner's *Pro Se* Motion for Leave of Court to Amend his Motion for En Banc Reconsideration" has in fact never been answered nor determined in any way! In all actuality, it is still (even now) still pending!

## Aurguement and Authorities:

Applicant, demurely suggests this mode of redress: "Motion to Recall Mandate", was created and does exist for exactly situations such as the one he now brings to this Courthouse steps pleading for an opportunity to be heard so that an Administrative Error can be made right by following the dictates of <u>Rodriquiz v. State</u>, 28 S.W. 3<u>d</u> 25 (2002); even more specific and running juxtapositionally to his own, Applicant cites: <u>Kennamer v. Noblitt</u>, 332 S.W. 3<u>d</u> 559-571, "Appellant timely moved for Rehearing to the panel and for En banc Reconsideration of the Court." But their motion for En banc Reconsideration remained pending, thus maintaining our plenary power over the appeal. See Texas Rules of Appellate Procedure 19.1 (b).

4

There is no denying the reality that Applicant's Motion for Leave of Court to Amend his Motion for En Banc Reconsideration has yet to be determined or responded to. . . . "thus maintaining our plenary power over the appeal."

A definite malfeasance has occurred in this case: a mandate has been prematurely issued before all timely filed motions have been heard or answered. . . . factually speaking that motion is at this very moment hanging in limbo screaming for resolution.

The subject matter of that motion is monumental from Applicant's perspective, for it correctly challenges the Court of Criminal Appeals' "dismissed as untimely" his Petition for Discretionary Review — — — which **WAS NOT** untimely as evidenced by the facts presented in the record itself. Applicant simply ask for this Court of Appeals' permission to be allowed to bring to light these unresolved issues:

Starting with (Exhibit No. 10) found in the appendix at the end of this motion which is "Petitioner's *Pro Se* Motion for Leave of Court" it accompanied, actually as a cover sheet/or motion in support of "Appellant Stacy L. Conner's Petition for Discretionary Review"; its contents are only a few pages, but most telling as to the fact that the Petition itself was completed and Applicant's conscious desire geared towards his responsibility to timely place his

5

Petition in the prison unit mailbox **Before** it was due; on 1/14/10; see (Exhibits No. 3 (b) and (c)).

[NEXT], and even more important, Go to (Exhibit No. 11) which is a true copy of the "Certificate of Service" itself, it was/is the last page to "Appellant Stacy L. Conner's Petition for Discretionary Review," written, dated, and signed by his own hand... the pertinent part is: (verbatim) "by placing same in the prison unit mailbox on this 13th day of January 2010."

Which by anyone's mathematics is clearly on or **Before** "the petition was due 1/14/10 and was not received by the court of appeals until 1/24/2010; see (Exhibit No. 9).

This very issue is an exact duplicate to:
Ramos v. Richardson, 228 S.W. 3d 671 (Tex. 2007), where the Texas Supreme Court, under a Petition for Review, reverses case by utilizing (acknowledges) "Certificate of Service" as evidence of a timely filed document.

Also: Jacobs v. State, 115 S.W. 3d 108 (App. 6th Dist. 2003), where it was established that the 'certificate of service' substantiated petition was timely filed, T.R.A.P. 9.2 (b)1., thereby conferring the court with jurisdiction to consider the merits of the appeal. The 6th District Appellate Court wrote: "Jurisdiction exist for us to reach the merits of his appeal."

This Court would be justified in making a similar Ruling regarding the case before it today.

Applicant, in Good faith (truly) did everything that was required of him — within the perimeters of his ability to do so — to ensure his Petition for Discretionary Review was timely filed by placing same within the prison unit mailbox **prior** to its actual due date of 1/14/2010; see: <u>Houston v. Lacks</u>, 487 U.S. 266, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988), The U.S. Supreme Court recognized that, "[u]nskilled in law, unaided by Counsel, and unable to leave the prison, a pro se prisoner's control over the processing of his notice necessarily ceases as soon as he hands it over [.]"

By now there should be no debate as to the harm Applicant suffers in relation to the direct actions of the Texas Court of Criminal Appeals' 'wrongful dismissal' of his timely submitted Petition, <u>which in effect is a denial of his Right of access to the Court itself without just cause or reasoning.</u>

Applicant's liberty interest is a distinctive element of prejudice which compounds his injury.

Texas Code of Criminal Procedure 44.33 (b) states: "Appellant's failure to file his brief in the time prescribed shall not authorize a dismissal of the appeal by the Court of Appeals or the Court of Criminal Appeals, nor shall the Court of Appeals or the Court of Criminal Appeals, for such reason, refuse to consider appellant's case on appeal."

<u>City of San Antonio v. Hartman</u>, 201 S.W. 3d 667, 670-671 (TEX. 2006): The Court must construe a statute according to what it says, **not** according to what the court <u>thinks</u> it should have said. <u>V.T.C.A. Government Code § 312.002.</u>

Applicant feels strongly that he has sufficiently brought forth before this Court several unresolved issues worth considering:

1.) An important Question implicating the Administration of justice is presented by the Texas Court of Criminal Appeals' Dismissal of Applicant's Petition for Discretionary Review as "untimely" when in fact all available evidence on record supports — more than not — that his Petition was adequately tendered; and as such his Petition should be judged and/or decided solely on the merits contained therein.

2.) An important Question implicating the Administration of justice is presented by the Texas Court of Criminal Appeals' failure to properly evaluate and make a valid determination of Applicant's timely filed Pro Se Motion for Leave of Court to Amend his Motion for En Banc Reconsideration.

Texas Rules of Appellate Procedure, Rule 10.3
    Determining Motions:
        (a) Time for determination. A court should not hear or determine a motion until 10 days after the motion was filed,

8

— ONCE again —

(a.) Time for determination. A court should not hear or determine a motion until <u>10 days</u> after the motion was filed,

(which was not adhered to when the Court rejected Applicant's motion on the very date of its receipt; see: Exhibit No. 6).

(b.) Reconsideration. If a motion is determined prematurely, any party adversely affected may request the Court to reconsider its order.

(Applicant was just so affected and justified in requesting the Court to reconsider their order; see: Exhibit No. 7 --- which has been left undetermined).


<u>Haines v. Kerner</u>, 404 U.S. 519, 30 L.Ed 2<u>d</u> 652, 92 S. Ct. 594 (1972): Pro Se plaintiff's complaint should not be dismissed for failure to state a claim upon which relief could be granted if it appears he may be able to offer proof of his claim.


## <u>Conclusion</u>:

The appellate record clearly establishes Applicant's single minded tenacity towards rectifying a malfeasance: the wrongful "Dismissed as untimely" his Petition for Discretionary Review whereas in reality it was timely and properly submitted according to the requirements governing "<u>the Mailbox Rule</u>", Texas Rules of Appellate Procedure 9.2;

9

SEE: <u>Spotville v. Cain</u>, 149 F.3d 374, 377 (5th Cir. 1998), "A petition should be deemed "Filed" when petition is handed over to prison authorities for mailing."

Which is the precise message Appellant articulated in his "Motion for Leave of Court to Amend his Motion for En Banc Reconsideration," which to this day has yet to be considered or even answered.

These Administrative Errors have not merely prompted Applicant but forces him to approach this Court of Appeals in this manner asking for immediate intervention so that it can level once again the scales which in this case have been left askewed at an odd unsightly angle.

This Court of Appeals has broad jurisdictional powers, to intercede and wield effectively the blade of Lady Justice in matters just like the one presently before it.

Generally speaking, and with certain exceptions, once an appeal has been perfected and the trial court's plenary power to perform certain acts after appeal has expired, the appellate court acquires exclusive plenary jurisdiction over the cause. Rules App. Proc. Rules 19.1, 25.1 <u>Saudi v. Brieven</u>, (App. 1 Dist. 2004) 176 S.W. 3d 108

Even the Texas Court of Criminal Appeals instructed Appellant to: "Please contact the 7th Court of Appeals

10

REGARDING any further inquiries of Your case;" see (Exhibit No. 9).

Applicant, humbly, pleads so Now!

citing: Coy Hubert Herrin, Jr. v. State, 668 S.W. 896 (1984);
"Appellant filed a motion requesting the district court to recall its mandate.
Appellant suggested the district court withdraw and reissue the opinion to allow the appellant the opportunity to timely file his motion for Rehearing and discretionary Review under Tex. Civ. Prac. & Rem § 446.
The Court Granted motion and Recalled its mandate,"
stating: "Accordingly, we Grant the motion to Recall our mandate, and the Clerk of this Court is ordered to recall our mandate upon condition that appellant seek appropriate Relief in the Court of Criminal Appeals not later than 20 days from this date."
—Appellant's motion was made necessary because of. . . . . . . . . an administrative ERROR! —

This Court of Appeals should do no less with the present matter of Stacy L. Conner v. State.

Boag v. MacDougall, 454 U.S. 364, 70 L.Ed. 2d 551, 102 S.Ct. 700 (1982): Pleadings filed by individuals representing themselves are held to a less stringent standard than those prepared by attorneys.

11

In conclusion, Applicant, asserts adamantly he is being denied/has been denied Due Process and access-to-court on the premise of a fallacy as decreed by the Texas Court of Criminal Appeals that his Petition for Discretionary Review was 'untimely' when in fact it was **NOT** 'untimely' and such a Ruling runs directly contrary to all available evidence which he now presents to this Court for examination REQUIRING a proper analysis.

Furthermore, when Applicant initiated a valid avenue of redress by filing motions for En Banc Reconsideration his attempts were egregiously frustrated. . . or altogether **IGNORED**, resulting in a precarious situation that makes this Motion to Recall Mandate NECESSARY.

<u>McCray v. Maryland</u>, 456 F. 2d at 6 ("Of what avail is it to the individaul to arm him with a panoply of constitutional Rights if, when he seeks to vindicate them, the courtroom can be hermetically sealed against him by a functionary who, by Refusal or Neglect, impedes the filing of his papers?")

<u>Sands v. Lewis</u>, 886 F. 2d 1166 (9th Cir. 1989), concluded: "(A) complaint should not be dismissed if it states a claim under any legal theory, even if the plaintiff relies on a different legal theory. Moreover, a pro se civil Rights complaint should be liberally construed." (Quoting <u>Haddock v. Board of Dental Examiner</u>, 777 F. 2d 462, 464 (9th Cir. 1985).)

12

## PRAYER:

Wherefore, Premises Considered, Applicant, Stacy L. Conner, request sincerely that this 7th Court of Appeals in Amarillo Grant his _Pro Se_ Motion to Recall Mandate by determining that his Petition for Discretionary Review was in fact timely filed as required by law, or in the alternative concede that "Petitioner's _Pro Se_ Motion for Leave of Court to Amend his Motion for En Banc Reconsideration" has — in truth — never been answered which leaves a serious question. . . . allowing this Court to Grant Applicant any other relief it deems appropriate to which he (and justice itself) may rightfully be entitled.

Respectfully Submitted,

Stacy L. Conner

## Certificate of Service

I do so certify that a true and correct copy of this "Motion to Recall Mandate" minus the exhibits is forwarded by 1st class U.S. mail to: Assistant Criminal District Att. Jeri Leigh Myers, P.O. Box 10536, in Lubbock, Tex. 79408, by placing the same in the prison unit mailbox on this: 22nd day of November 2011.

Stacy L. Conner

13

# UNSWORN Declaration

Staying in complete compliance with both 28 U.S.C. § 1746 and V.T.A.C. Civil Practice and Remedies Code § 132.001 — 132.003:

"I, Stacy L. Conner #1428940, presently incarcerated within the Texas Department of Corrections, housed at the Mark Stiles Unit in Jefferson County, Texas do give solemn oath and declare (certify, verify, or state) under penalty of perjury that the foregoing legal documents:

Motion to Recall Mandate, with an Appendix containing fifteen (15) seperate numbered Exhibits, are all True and Correct to the best of my Knowledge."

Executed: Nov. 10, 2011

Stacy L. Conner
#1428940
Stiles Unit
3060 FM 3514
Beaumont, Tx. 77705

14

# Appendix

(Exhibit No. 1)



**(Exhibit No. 1)**

# COURT OF APPEALS
## SEVENTH DISTRICT OF TEXAS
## AMARILLO

## MANDATE

THE STATE OF TEXAS

To the 137th District Court of Lubbock County, Greeting:

BEFORE our Court of Appeals for the Seventh District of Texas, on April 29, 2009, the cause upon appeal to revise or reverse your judgment between

Stacy Conner

No. 07-07-00148-CR          And     Trial Court No. 2006-413,481

The State of Texas

was determined and therein our said Court made its order in these words:

Pursuant to the opinion of the Court, it is ordered, adjudged and decreed that the judgment of the trial court be affirmed.

Inasmuch as this is an appeal in forma pauperis, no costs beyond those which may have been paid are adjudged.

It is further ordered that this decision be certified below for observance.

oOo

WHEREFORE, WE COMMAND YOU To observe the order of said Court of Appeals for the Seventh District of Texas, in this behalf, and in all things to have it duly recognized, obeyed and executed.

WITNESS, the Honorable Justices of our said Court, with the seal thereof annexed, at the City of Amarillo on December 3, 2009.

PEGGY CULP, CLERK

By *Donna Artis*
Deputy Clerk

*Received on*
*12-08-09*
*Monday*

(Exhibit NO.2 (a))

OFFICIAL NOTICE FROM COURT OF CRIMINAL APPEALS OF TEXAS
P.O. BOX 12308, CAPITOL STATION, AUSTIN, TEXAS 78711

Friday, September 11, 2009
Re: Case No. PD-1304-09
COA# 07-07-00148-CR
STYLE: CONNER, STACY L.

02 1A
0004623940          SEP    2009
MAILED FROM ZIP CODE 78701

On this day, this Court has granted the Appellant's Pro Se motion for an extension of time in which to file the Petition for Discretionary Review. The time to file the said item has been extended to Tuesday, November 03, 2009. NO FURTHER EXTENSIONS WILL BE ENTERTAINED.

NOTE: PETITION FOR DISCRETIONARY REVIEW MUST BE FILED WITH THE COURT OF APPEALS.

7 G 1-20                              Louise Pearson, Clerk

Received on 9-22-09

STACY L. CONNER
TDC# 1428940
STILES UNIT
3060 FM 3514
BEAUMONT TX 77705

(Exhibit NO. 2 (b))

 **(Exhibit No. 2 (b))**

SHARON KELLER
PRESIDING JUDGE

LAWRENCE E. MEYERS
TOM PRICE
PAUL WOMACK
CHERYL JOHNSON
MIKE KEASLER
BARBARA P. HERVEY
CHARLES R. HOLCOMB
CATHY COCHRAN
JUDGES

LOUISE PEARSON
CLERK
512-463-1551

SIAN R. SCHILHAB
GENERAL COUNSEL
512-463-1597



# COURT OF CRIMINAL APPEALS
P.O. BOX 12308, CAPITOL STATION
AUSTIN, TEXAS 78711

Friday, September 25, 2009

STACY L. CONNER
TDC# 1428940
STILES UNIT
Beaumont, TX 77705

RE: PD-1304-09 (07-07-00148-CR)

Dear Mr. STACY L. CONNER

__ Your Petition for Discretionary Review has not been filed in this Court as of the above date. Please contact the Court of Appeals where it was originally filed to find out the status of your case.

____ Your P.D.R was filed in this Court on _____ and is still pending as of the above date.

☑ Your extension of time to file petition for discretionary review was received on 9/11/2009. The extension of time to file appellant's pro se petition for discretionary review has been granted; the due date is 11/3/2009. Please contact the Court of Appeals if you have any further questions.

____ This office cannot determine when the Court will render a decision in your case.

__ This Court is in receipt of your Petition for Discretionary Review. The Rules of Appellate Procedure require that the petition be filed with the Clerk of the Court of Appeals which rendered the decision in your case including an original and eleven copies.

____ This Court does not furnish forms of any kind for the filing of documents.

__ To obtain copies of items requested, contact the State Law Library, Inmate Copy Service, at P.O. Box 12367, Austin, TX 78711. Please be sure to include your full name and any aliases, date of conviction, county of conviction, appeal number and complete mailing address.

____ Neither the members of this Court nor its staff may give legal advice concerning your case. I suggest you contact your attorney or State Counsel for Offenders, Texas Department of Criminal Justice, Institutional Division, P. O. Box 4005, Huntsville, TX 77342-4005, for such advice.

Sincerely,

Louise Pearson
Clerk

*1st Extension of time to file PDR*

( Exhibit No. 2 (c) )

OFFICIAL NOTICE FROM COURT OF CRIMINAL APPEALS OF TEXAS
P.O. BOX 12308, CAPITOL STATION, AUSTIN, TEXAS 78711

Monday, December 14, 2009
Re: Case No. PD-1304-09
COA#: 07-07-00148-CR
STYLE: CONNER, STACY L.



02 1M          $ 00.28⁰
0004287308     DEC 15 2009
MAILED FROM ZIP CODE 78701

On this day, this Court has granted the Appellant's Pro Se motion for an extension of time in which to file the Petition for Discretionary Review. The time to file the said item has been extended to Thursday, December 03, 2009. NO FURTHER EXTENSIONS WILL BE ENTERTAINED.

NOTE: PETITION FOR DISCRETIONARY REVIEW MUST BE FILED WITH THE COURT OF APPEALS. (512) 463-1551

Louise Pearson, Clerk

RECEIVED ON
December 18,
2009

STACY L. CONNER
TDC# 1428940          7G1- 20
STILES UNIT
3060 FM 3514
BEAUMONT TX 77705

---

## NOTIFICATION TO COME BY MAIL ROOM

7G1-20

Inmate Name Conner Stacy L _____ Date 12-17-09

_____ UNIT

Inmate No. 1428940

The above named inmate is required to come to the mail room

12-18-09 - 2:30-1:00

(Date and Time)

regarding the following matter:

_____ Questionable Correspondence

_____ Questionable Publication

_____ Package

___ Legal, Special or Media Correspondence

_____ Other

Inmate's Signature _____

Officer's Signature _____  Date 12/17/09

Notifying

Original—Return to unit mail room.

Copy—Give completed copy to inmate.

I-152

(Exhibit No.3 (a))

(Exhibit No. 3 (a))

Monday, December 28, 2009
Re: Case No. PD-1304-09
COA#: 07-07-00148-CR
STYLE: CONNER, STACY L.



02 1M    $ 00.28⁰
0004287308    DEC 28  2009
MAILED FROM ZIPCODE 78701

On this day, this Court has granted the Appellant's Pro Se motion for an extension of time in which to file the Petition for Discretionary Review. The time to file the said item has been extended to Wednesday, January 14, 2009. NO FURTHER EXTENSIONS WILL BE ENTERTAINED.
NOTE: PETITION FOR DISCRETIONARY REVIEW MUST BE FILED WITH THE COURT OF APPEALS.

Louise Pearson, Clerk

Received 12-31-09
=last day of Year!
= last day of Year!

761
20

STACY L. CONNER
TDC# 1428940
STILES UNIT
3060 FM 3514
BEAUMONT TX  77705

---

NOTIFICATION TO COME BY MAIL ROOM

761-20

_____ UNIT

Inmate Name Conner Stacy L Date 12-30-09

Inmate No. 1428940

The above named inmate is required to come to the mail room

12-31-09 - 7:30 - 10:00
(Date and Time)

regarding the following matter:

_____ Questionable Correspondence
_____ Questionable Publication
_____ Package
_____ Legal, Special or Media Correspondence
_____ Other

Inmate's Signature _____ Date

Notifying
Officer's Signature  S. W. Willett

Original—Return to unit mail room.
Copy—Give completed copy to inmate.

I-152

(Exhibit No. 3(b))

*(Exhibit No. 3 (b))*

Monday, December 28, 2009 —
Re: Case No. PD-1304-09
COA#: 07-07-00148-CR
STYLE: CONNER, STACY L.

On this day, this Court has granted the Appellant's Pro Se motion for an extension of time in which to file the Petition for Discretionary Review. The time to file the said item has been extended to Thursday, January 14, 2010. NO FURTHER EXTENSIONS WILL BE ENTERTAINED.
NOTE: PETITION FOR DISCRETIONARY REVIEW MUST BE FILED WITH THE COURT OF APPEALS.

2nd extension
Received
1-5-2010 Tuesday

7G 1-20

Louise Pearson, Clerk

STACY L. CONNER
TDC# 1428940
STILES UNIT
3060 FM 3514
BEAUMONT, TX, 77705

7G1-20

## NOTIFICATION TO COME BY MAIL ROOM

_____St._____ UNIT

Inmate Name _Conner Stacy_ Date _1/4/2010_

Inmate No. _1428940_

The above named inmate is required to come to the mail room

_1/5/2010 — 7:30-1:00_
(Date and Time)

regarding the following matter:

_____ Questionable Correspondence
_____ Questionable Publication
_____ Package
___✓___ Legal, Special or Media Correspondence
_____ Other

Inmate's Signature _____ Date _1-5-2010_

Notifying
Officer's Signature _S. Willett_

Original—Return to unit mail room.
Copy—Give completed copy to inmate.          I-152

(Exhibit No. 3(c))



(Exhibit No. 3 (c))

SHARON KELLER
PRESIDING JUDGE

LAWRENCE E. MEYERS
TOM PRICE
PAUL WOMACK
CHERYL JOHNSON
MIKE KEASLER
BARBARA P. HERVEY
CHARLES R. HOLCOMB
CATHY COCHRAN
JUDGES

LOUISE PEARSON
CLERK
512-463-1551

SIAN R. SCHILHAB
GENERAL COUNSEL
512-463-1597

Friday, January 08, 2010

STACY L. CONNER
TDC# 1428940
STILES UNIT
Beaumont, TX 77705

RE: PD-1304-09 (07-07-00148-CR)

Dear Mr. STACY L. CONNER

_____ Your Petition for Discretionary Review has not been filed in this Court as of the above date. Please contact the Court of Appeals where it was originally filed to find out the status of your case.

_____ Your P.D.R was filed in this Court on _____ and is still pending as of the above date.

☑ Your motion to reconsider the denial of extension of time to file petition for discretionary review was received on 12/01/2009. The extension of time to file appellant's pro se petition for discretionary review has been granted; **the due date is 1/14/2010**. Please contact the Court of Appeals if you have any further questions.

**NOTE: APPELLANT'S PRO SE REQUEST FOR A DUE DATE OF 01/26/2010 WAS NOT CONSIDERED.**

_____ This office cannot determine when the Court will render a decision in your case.

_____ This Court is in receipt of your Petition for Discretionary Review. The Rules of Appellate Procedure require that the petition be filed with the Clerk of the Court of Appeals which rendered the decision in your case including an original and eleven copies.

_____ This Court does not furnish forms of any kind for the filing of documents.

_____ To obtain copies of items requested, contact the State Law Library, Inmate Copy Service, at P.O. Box 12367, Austin, TX 78711. Please be sure to include your full name and any aliases, date of conviction, county of conviction, appeal number and complete mailing address.

Sincerely,

Louise Pearson
Clerk

*Received Tuesday 1-19-10, after it was/is Due extension of time*

(Exhibit No. 4)

*(Exhibit No. 4)*

OFFICIAL NOTICE FROM COURT OF CRIMINAL APPEALS OF TEXAS
P.O. BOX 12308, CAPITOL STATION, AUSTIN, TEXAS 78711

Wednesday, March 17, 2010
Re: Case No. PD-1304-09
COA# 07-07-00148-CR
STYLE: CONNER, STACY L.

02 1M
0004288380      MAR      2010
MAILED FROM ZIP CODE 78701

On this day, the Appellant's Pro Se petition for discretionary review has been dismissed as untimely filed.

Louise Pearson, Clerk

4E2-47

*Received Tues.*
*March 23, 2010*

STACY L. CONNER
TDC# 1428940
STILES UNIT
3060 FM 3514
BEAUMONT, TX 77705

(Exhibit No.5)

NO. PD-1304-09 (07-07-0014B-CR)

IN THE
Court of Criminal Appeals
of Texas

Stacy L. Conner,
Appellant,

v.

THE State of Texas,
Appellee.

On Appeal from Cause No. 2006-413,481
in the 137th District Court of
Lubbock County Texas

## Motion for En Banc Reconsideration

To the Honorable Judges of the Court of Criminal Appeals:

Comes now Stacy L. Conner, TDC# 1428940, Petitioner, in the above numbered cause and in a timely fashion allowed by law files this Motion for En Banc Reconsideration and in support would show the following:

<u>Facts and Purpose:</u>

Upon this very day of Tuesday, March 23, 2010, within the confines of his prison cell Petitioner was handed, by a Unit mailroom Personel, a card from the Court of Criminal Appeals in Austin, dated: Wednesday, March 17, 2010.

Petitioner was shocked, confused--- Devastated to read its single sentence (verbatim)

"On this day, the Appellant's ProSe petition for discretionary review has been dismissed as untimely filed."

How can this be? It's just not possible, was Petitioner's immediate thought, Not after all of his hard work and diligence in perfecting his words and arguments to the best of his ability regarding valid issues of transgression concerning both State and Federal Constitutional laws directly related to the seventh Court of Appeals' opinion in this case. Which screams for redress, at the very least given the opportunity to breathe. Certainly not to have the door of this revered Court slammed shut without ever having heard one word of Petitioner's complaint. To do so would be a travesty of justice of the highest degree and runs directly contrary to the very existance of this Court as a GateKeeper administrating fairness in Criminal law for the Great State of Texas. Simply put. . . . it would be just plain WRONG!

WRONG, because in truth the statement made by the Clerk for the Court of Criminal Appeals on that little card dated: Wednesday, March 17, 2010 is totally inaccurate in so far as the "untimely filed" part goes; at least in regards to any fault of Petitioner's.

## Declaration:

Petitioner wishes to make it quite clear at this time that he does so solemnly swear before God almighty and under penalty of perjury before this very Court that his Petition for Discretionary Review is true and honest in all things to the best of his knowledge, derived by him from the record and the facts therein, created and written (EVERY WORD) by his very hand; most importantly — that upon its completion he personally, in Good faith, dropped all three copies (addressed) one - to the seventh District Court of Appeals in Amarillo, TX.

2nd - to the State Prosecuting Attorney in Austin, TX.

3rd - to the Assistant Criminal District Attorney in Lubbock, TX. into the prison mail box on B-side of the Mark Stiles Unit **Before** the due date of January 14, 2010.

The date and signature on "Petitioner's Pro Se Motion for leave of Court" is true and accurate, as is that of "Appellant Stacy L. Conner's Petition for Discretionary Review" including the "Certificate of Service" itself, all TRUE and Accurate.

Clearly delivered, in so far as Petitioner is concerned or required **Prior** to the date Granted by this very Court.

## Authorities:

In support of Petitioner's position or stance he respectfully invokes "THE PRISON Mail Box Rule" and cites <u>Houston v. Lack</u> 487 US 266, 274 (1988) which states that Legal material shall be deemed Filed on the date of delivery to Prison Officials.

Also: <u>Spotville v. Cain</u>, 149 F. 3D 374, 377 (5th C.R. 1998) which holds that filing is within statute of limitations under "THE MAILBox Rule."

<u>Haynes v. Kerner</u>, 409 US 519, 520 (1972) a Pro Se complainant held to less stringent standards than formal papers drafted by lawyers.

## Argument and Conclusion:

These doctrines are well established, even with this very Court of Criminal Appeals. To attempt to penalize Petitioner and bar him from a proper Review, under the premise that his petition was "untimely filed," is clearly an abuse of discretion and the Facts themselves. To do so would not be fair nor accurate.

The record with this Court reflects a true conscientiousness on the part of Petitioner as a Pro Se litigant attempting to meet each and every deadline (which have been many) Regardless of the adversities involved. Petitioner's single minded tenaciousness with bringing this mode of Redress before this Honorable Court is undeniable. Petitioner has not been detered nor dissuaded in his desire or purpose: he has Kept his composure and responded with truth and integrity — as he does so here.

It is with these Reasons and thoughts in mind that Petitioner 'again' approaches with reverence the door to the Court of Criminal Appeals — with head bowed and hat in hand (Humbly Knocks softly) waiting patiently for it to open so he can be heard. Then praying it won't be slammed

rudely in his face. That he will be given the benefit of doubt and Granted a much earned audience where his petition will be accepted as timely filed and viewed without any predisposed notions or prejudices.

## PRAYER:

Wherefore, Premises Considered, Petitioner, Stacy L. Conner, Prays this Court will determine by the facts available and those presented that his Petition for Discretionary Review was truly timely filed, Grant his Motion for En Banc Reconsideration by placing his Petition on the Court's docket for a proper review of its merits, and any other relief to which he may be entitled.

Respectfully Submitted,

Stacy L. Conner 3-23-10

Stacy L. Conner
#1428940
Stiles Unit
3060 FM 3514
Beaumont, Tx 77705

# <u>Certificate of Service</u>

I, Stacy L. Conner, certify that on this early morning of Wednesday the 24th of March 2010 I diligently hand delivered from my cell to a Prison Unit Official a true and correct copy of my Motion for En Banc Reconsideration to be served by U.S. mail upon Counsel for the State, Jeri Leigh Myers, Assistant Criminal District Attorney, at P.O. Box 10536, in Lubbock, Texas 79408-3536.

Stacy L. Conner
TDC #1428940
Stiles Unit
3060 FM 3514
Beaumont, Texas 77705

(Exhibit No.6)

(Exhibit No. 6)

OFFICIAL NOTICE FROM COURT OF CRIMINAL APPEALS OF TEXAS
P.O. BOX 12308, CAPITOL STATION, AUSTIN, TEXAS 78711

Monday, March 29, 2010
Re: Case No. PD-1304-09
COA#: 07-07-00148-CR
STYLE: CONNER, STACY L.

02 1M     **$ 00.28⁰**
0004288380    MAR 30 2010
MAILED FROM ZIP CODE 78701

On this day, the Appellant's Pro Se motion for rehearing was rejected for non-compliance with Rule 79.2(c) T.R.A.P.

Louise Pearson, Clerk

RECEIVED THRUS.
4-1-10

4E2-47

STACY L. CONNER
TDC# 1428940
STILES UNIT
3060 FM 3514
BEAUMONT TX 77705

(Exhibit No. 7)

NO. PD-1304-09 (07-07-00148-CR)

IN THE
Court of Criminal Appeals
of Texas

Stacy L. CONNER,
Appellant,

v.

The State of Texas,
Apellee.

On Appeal from cause No. 2006-413,481
in the 137th District Court of
Lubbock County Texas

## Petitioner's Pro Se Motion for Leave of Court to Amend his Motion for En Banc Reconsideration

To the Honorable Judges of the Court of Criminal Appeals:
Comes Now Stacy L. Conner, TDC #1428940 in the above numbered cause and in a timely fashion allowed by law files this Petitioner's Pro Se Motion for Leave of Court to Amend his Motion for En Banc Reconsideration as is permitted by Texas Rule of Appellate Procedure Rules 72, 76(f), 79, 79.2, 79.3, Rule 10.3(a)(b), and in support would show the following:

## I.

After properly filing his Petition for Discretionary Review PRIOR to the deadline due date Granted by this very Court his petition was ultimately "dismissed as being untimely filed." Petitioner takes STRONG Exception to this Ruling as being false, inaccurate and in contradiction to "The Mailbox Rule" a well established doctrine of law RECOGNIZED by this very Court in behalf of ProSe litigants or petitioners forced to address the Courts from their prison cells, citing <u>Houston v. Lack</u>, 487 U.S. 266, 274 (1988) which states: that legal material shall be deemed Filed on the date of delivery to prison officials.

Also: <u>Spotville v. Cain</u>, 149 F. 3D 374, 377 (5th Cir. 1988) which holds that filing is within Statute of limitations UNDER "The Mailbox Rule."

Petitioner Gave oath in his Motion for En Banc Reconsideration (see attached exhibit herein) as he does here that his Petition for Discretionary Review was duly submitted in a timely fashion **Before** the deadline date of January 14, 2010 as God almighty is his witness who supports this undeniable FACT as TRUTH!

## II.

The issues just discussed were even more clearly outlined in Petitioner's "Motion for En Banc Reconsideration" (see attached exhibit herein) yet a member of the Court's Clerk erroneously waylaid that substantially Grounded Motion and "Rejected it for non-compliance with Rule 79.2(c) T.R.A.P." on the very date of its receipt in direct "Non-Compliance" with Rule 10 (a) under Determing Motions,

-2-

which states:

(a.) Time for Determination. A Court should **NOT** hear or Determine a Motion until 10 days **after** the Motion was filed. (emphasis added)

[ Not on the very moment of its reciept as with the instant case ]

(B.) Reconsideration. If a motion is determined prematurely, any party adversely affected may request the Court to Reconsider its order.

Petitioner, at this time, by way of this Motion invokes this Rule and correctly asks this Honorable Court to Reconsider its order which was rendered prematurely, effectively barring Petitioner from amending his Motion for En Banc Reconsideration pursuant to Rule 79.3.

## III.

And in accordance to Rule 79.3 Petitioner, in a timely fashion allowed, Request Leave of this Court to Amend his Motion for En Banc Reconsideration; although he is a layman unschooled in law Petitioner Graciously addresses this Court in the only manner made available to him — Not as a Counsel or member of the bar — but as a Pro Se Complaintant or Petitioner keeping with: HAYNES V. KERNER, 409 U.S. 519, 520 (1972) a Pro Se complaintant held to less stringent standards than formal papers drafted by lawyers.

Also: BREWER v. Collins, 857 S.W. 2nd 819, 821, A Pro Se inmate's petition is to be viewed "with liberality and patience. and: $429.30 in U.S. Currency v. State, (app. 1 Dist. 1995) 896 S.W. 2nd 363, Court reviews claims of inmate proceeding Pro Se with "liberality and patience."

-3-

Under this doctrine Petitioner challenges that his original "Motion for En Banc Reconsideration" was truly grounded on substantial issues clearly specified therein and by any reasonable persons standards satisfied the requirements of Rule 79.2 (c) and should not have been rejected for such a false claim.

Yet, in Good faith, attempting to fulfill every conceivable requirement this Court may demand Petitioner certifies unequivocally his motives are pure and for only the reasons stated, and not for purposes of delay nor embarrassment to himself nor the Court.

These are extraordinary matters as Rule 72 speaks of which is why Petitioner request a fair-just examination of this motion in its entirity in correlation to his earlier "Motion for En Banc Reconsideration," (attached as both an exhibit and an extension of this very motion itself).

## IV.

Discretionary Review by the Court of Criminal Appeals is NOT a matter of Right but of sound judicial discretion. Petitioner readily acknowledges the reality of the small percentage which ever bear fruit. With that said he further states that his Petition is not based on desperation nor frivolous hopes and prayers but on valid jurisprudence searching for Truth in the Administration of justice.

Williams v. Collins, 802 F. Supp. 1530 (W.D. Tex. 1992) the 5th Circuit affirmatively held that a mere denial by the State's highest Court of Petitioner's application is not a Ruling on the merits.

-4-

This Petitioner has exhibited a tremendous amount of diligence, patience and fortitude in both character and behavior in an honest attempt to speak to this Court, to be heard. He ask only that he be allowed to present his Petition to this Court so it can be judged on the actual substance therein. . . .on the merits!

Towards that Goal Petitioner submits this Motion conforming to "Submissions En Banc" Rule 76(f) requesting that a panel of justices determine that which he feels certain and confident about: that his Petition was in fact timely filed, that his "Motion for En Banc Reconsideration" was firmly grounded on substantial issues justly submitted on face value alone — and was prematurely rejected, and that "Petitioner's ProSe Motion for Leave of Court to Amend his Motion for En Banc Reconsideration" under the totality of the circumstances is well received and understood.

## PRAYER

Wherefore, Premises Considered, Stacy L. Conner, Prays this Court will determine by the facts available and those presented that his Petition for Discretionary Review was truly timely filed, Grant Petitioner's ProSe Motion for Leave of Court to Amend his Motion for En Banc Reconsideration by placing his Petition on the Court's docket for a proper review of its merits and any other relief to which he may be entitled.

Respectfully Submitted,

Stacy L. Conner  4-1-10

TDC# 1428940

Stacy L. Conner

-5-

## Certificate of Service

I, Stacy L. Conner, Petitioner, certify that on this Thrusday evening of the 1st day of April 2010 I diligently hand delivered from my cell to a Prison Unit Official a true and correct copy of "Petitioner's Pro Se Motion for Leave of Court to Amend his Motion for En Banc Reconsideration" to be served by U.S. mail upon Counsel for the State, Jeri Leigh Myers, Assistant Criminal District Attorney, at P.O. Box 10536, in Lubbock Texas 79408-3536.

Stacy L. Conner #1428940
Stiles Unit
3060 FM 3514
Beaumont, Texas 77705

(Exhibit No.8)

Sunday, May 30, 2010

(Exhibit No. 8)

Dear Louise Pearson,
Clerk for the honorable Court of Criminal Appeals in Austin:

I write directly to You in reference to Cause No. PD-1304-09 (07-07-00148-CR) Stacy L. Conner v. The State of Texas, regarding a long extensive letter addressed to You personally —— outlining my position in detail and requesting Your considerable influence to assure my accompanying Motion (sent with that letter) would be properly filed and allowed to be determined solely on the merits contained therein and NOT arbitrarily rejected without a valid review.

"Petitioner's Pro Se Motion for Leave of Court to Amend his Motion for En Banc Reconsideration" was in a timely fashion sent (with the letter to You) on April 1st 2010. As of this date I have received no confirmation of it being filed nor any resulting determination reached in regards to the many issues involved with that Motion.

This is a simple letter of inquiry as to the Status of my "Petitioner's Pro Se Motion for Leave of Court to Amend his Motion for En Banc Reconsideration." I patiently wait to what I hope will be a favorable response to this request. In fact, instead of simply white carding me, it would be nice, and human, if You could/would find the time to write me even a short note sharing any facts, insights, or truths from Your renowned perspective, thank You . . .

. . . Sincerely

(Exhibit No.9)



**(Exhibit No. 9)**

SHARON KELLER
PRESIDING JUDGE

LAWRENCE E. MEYERS
TOM PRICE
PAUL WOMACK
CHERYL JOHNSON
MIKE KEASLER
BARBARA P. HERVEY
CHARLES R. HOLCOMB
CATHY COCHRAN
JUDGES

# COURT OF CRIMINAL APPEALS
P.O. BOX 12308, CAPITOL STATION
AUSTIN, TEXAS 78711

LOUISE PEARSON
CLERK
512-463-1551

SIAN R. SCHILHAB
GENERAL COUNSEL
512-463-1597

Thursday, June 10, 2010

STACY L. CONNER
TDC# 1428940
STILES UNIT
Beaumont, TX 77705

RE: PD-1304-09 (07-07-00148-CR)

Dear Mr. STACY L. CONNER:

____ Your Petition for Discretionary Review has not been filed in this Court as of the above date. Please contact the Court of Appeals where it was originally filed to find out the status of your case.

____ Your P.D.R was filed in this Court on _____ and is still pending as of the above date.

☑ Your Petition for Discretionary Review was filed in this Court on 3/9/2010 and was dismissed as untimely filed on 3/17/2010. The Petition was due 1/14/2010 and was not received by the Court of Appeals until 1/24/2010. The motion for rehearing was rejected on 3/29/2010 due to noncompliance with rule 79.2c. The record was returned to the Court of Appeals on 4/12/2010. Please contact the 7th Court of Appeals regarding any further inquiries of your case.

____ This office cannot determine when the Court will render a decision in your case.

____ This Court is in receipt of your Petition for Discretionary Review. The Rules of Appellate Procedure require that the petition be filed with the Clerk of the Court of Appeals which rendered the decision in your case including an original and eleven copies.

____ This Court does not furnish forms of any kind for the filing of documents.

____ To obtain copies of items requested, contact the State Law Library, Inmate Copy Service, at P.O. Box 12367, Austin, TX 78711. Please be sure to include your full name and any aliases, date of conviction, county of conviction, appeal number and complete mailing address.

____ Neither the members of this Court nor its staff may give legal advice concerning your case. I suggest you contact your attorney or State Counsel for Offenders, Texas Department of Criminal Justice, Institutional Division, P.O. Box 4005, Huntsville, TX 77342-4005, for such advice.

____ Your change of address has been received and updated in our system.

Sincerely,

*Louise Pearson*

(Exhibit No. 10)

NO. PD-1304-09 (07-07-00148-CR)

(Exhibit No. 10)

IN THE
Court of Criminal Appeals
of Texas

Stacy L. CONNER
Appellant

V.

THE STATE of TEXAS

On Appeal from Cause No. 2006-413,481
in the 137th District Court of
Lubbock County Texas

Petitioner's Pro Se Motion for leave of Court

To the Honorable Judges of said Court:

Comes Now Stacy L. CONNER, Petitioner in the above numbered cause and files this Motion in leave of Court in conjunction with his Petition for Discretionery Review as is permitted by Texas Rules of Appellate Procedure, Rule 2, and Rule 68.5, and in support would show the following:

-1-

This Petitioner is entirely indigent without the means to hire proper representation, has no legal background or learning in law, is confronted with every feasible obstacle imaginable and is forced by necessity to address this Court in the only manner made available. His attempt is anything but perfect. Petitioner readily acknowledges the end result is lengthy regarding the page limitations, but feels it was necessary in presenting the many issues with which require proper discussion and examination. The difficulties with the time restrictions, coupled with Petitioner having surgery - and those complications - his Unit going on lock down, his property placed in 'Holding' for weeks at a time, and many other hurdles makes this completed work a monumental accomplishment to some extent.

Petitioner, seeks this Court's indulgence and understanding, in doing so he cites Brewer v. Collins 857 S.W. 2d 819, 821 A Pro Se inmate's petition is to be viewed "with liberality and patience."

also: Haynes v. Kerner, 404 U.S. 519, 520 (1972) "Pro-Se complainent held to less stringent standards than formal papers drafted by lawyers."

and: Spotville v. Cain, 149 F. 3d 374, 377 (5th Cir. 1998).

Petitioner ask that his petition be received, in all things, just as it is; and excused for flaws or imperfection in prose, form or rhetoric. That his petition be given a true sincere assessment of the merits contained therein for they are substantial when viewed without emotion or prejudice.

Furthermore, in hopes of speaking to a lenient ear Petitioner humbly request that the Court's Clerk be instructed (while filing Petition) to make and return a copy to Petitioner

-2-

for his RECORDS and usage. Its the twelfth hour on its completion, Petitioner is forced to drop this in the prison unit mail box today for its due three days hence. He has truly exhausted EVERY CONCEIVEABLE avenue, and himself in the process, trying to obtain a much needed copy. He sends his only copy of the exhibits and Appendix out of urgency and pleads for a copy in return.

## Conclusion and PRAYER

For the REASONS set out above, Petitioner on bended knees prays that this Honorable Court will grant his motion in all things, to accept his meager Petition as is, to be properly processed and viewed without blame or criticism, that a complete accurate copy be made and returned this Pro Se applicant without complications. . . . Please.

Respectfully Submitted,

Stacy L. Conner
#1428940
Stiles Unit
3060 FM 3514
Beaumont, Texas
77705

-3-

(Exhibit NO.11)

## Certificate of Service

A true and correct copy of this petition for discretionary review was forwarded by first class U.S. mail to Assistant Criminal District Attorney Jeri Leigh Myers, P.O. Box 10536, in Lubbock, Texas 79408-3536, and to the State Prosecuting Attorney, P.O. Box 12405, Austin, Texas 78711, by placing the same in the prison unit mail box on this 13th day of January 2010.   minus the exhibits & appendix

Stacy L. Conner
TDCJ #1428940
Stiles Unit
3060 FM 3514
Beaumont, Texas
                77705